UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-240-GCM

| EARL WRIGHT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| WOMBLE CARLYLE SANDRIDGE & RICE, LLP; MICHAEL MONTISELVO; MCGUIRE WOODS, LLP; SCOTT I. PERLE, | ) | ORDER |
| Defendants. | ) | |

**THIS MATTER** is before the Court *sua sponte* and based on Plaintiff's Complaint filed on May 9, 2014 (Doc. No. 1).

## I. BACKGROUND

Plaintiff filed this Complaint *pro se* on May 9, 2014. The Complaint is titled "Complaint For Viaolating [violating] a United States Federal Court Order Case No: 04-34013+" (Compl. at 1). The referenced order was issued on March 21, 2005 during Plaintiff's Chapter 7 Bankruptcy proceeding and released Plaintiff from dischargeable debts (Compl. at 4).

Besides listing the parties to this action and their addresses, the Complaint contains five short paragraphs explaining the case against the named Defendants. Plaintiff begins by stating he is the "Earthly Pro-Se" of "God the Plaintiff" (Compl. at 2). Addressing Defendant McGuire Woods, LLP, Plaintiff then states, "[h]e [Scott Perle] jebpordise [jeopardize], you [your] whole firm, to win a personal victory, over someone who said he was God son" (*Id.*). Plaintiff does not explain how the discharge order was violated. The Complaint does not mention Defendants Womble Carlyle Sandridge & Rice, LLP or Michael Montiselvo. Plaintiff requests damages of

1

$60,000,000 or a settlement of $29,000,000. (*Id.*). Plaintiff then concludes, "[y]ou [Scott Perle] must be fired from Mc Guire Wood you are a folon [felon], and made Federal Court Judge Cayer; loose [lose] his job" (*Id.*).

Plaintiff attached five documents to the Complaint, including an article discussing judicial corruption, the aforementioned discharge order, a foreclosure report, a tax assessment for Plaintiff's foreclosed property, and a letter from Plaintiff's bankruptcy trustee notifying First NLC Financial Services, LLC, of the foreclosure sale (Compl. at 3-7). The attached documents do not mention any collection actions other than the foreclosure. Plaintiff does not explain the significance of these documents. These statements and documents constitute the entirety of the Complaint.

In addition to the present Complaint, Plaintiff has filed three other complaints against various defendants for violating the discharge order. Plaintiff filed a complaint on July 19, 2007 against Wells Fargo Bank and Scott Holzmeisler for fraud, perjury, grand theft, and violating the order. *Wright v. Wells Fargo Bank*, No. 3:07-cv-286 (W.D.N.C. July 19, 2007). The complaint was dismissed *sua sponte* for failure to prosecute and failure to effect service within the time allowed under Rule 4 of the Federal Rules of Civil Procedure. On March 2, 2014, Plaintiff filed a case against Bank of America for violating the FHA (Fair Housing Act) and the FCRA (Fair Credit Reporting Act), which the defendant removed to federal court. *Wright v. Bank of America*, No. 3:14-cv-94 (W.D.N.C March 4, 2014). The complaint was dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On May 7, 2014, Plaintiff filed a complaint against U.S. Magistrate Judge David S. Cayer, U.S. District Judge Robert J. Conrad, Catawba County Resident Superior Court Judge Nathaniel J. Poovey, and the State of North Carolina for violating the discharge order. *Wright v. Cayer*, No. 3:14-cv-236 (W.D.N.C. May 7, 2014). Likewise, the

complaint was dismissed under Rule 12(b)(6). Plaintiff's remaining complaint against Wells Fargo, Bank of America, Select Portfolio, Experian Credit Reporting Agency, and individuals employed by these companies for violating the order is pending. *Wright v. Perry*, No. 3:14-cv-231 (W.D.N.C May 6, 2014).

## II. STANDARD OF REVIEW

"Frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000)). Typically, the dismissal of a complaint for frivolity or maliciousness occurs pursuant to a motion to proceed *in forma pauperis* and 28 U.S.C. § 1915(d), but "there is little doubt [district courts] would have the power to do so even in the absence of this statutory provision." *Mallard*, 490 U.S. at 307-08. In conducting this review, the Court typically determines whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff alleges Defendants violated the order discharging his debts, but does not specify how the order was violated. The attached foreclosure documents suggest Plaintiff may be referring to a violation of Section (3) of the order, which enjoined creditors of Plaintiff's

dischargeable debts from collection actions. However, Plaintiff alleges no facts indicating that the named Defendants are creditors, nor does he allege Defendants attempted to collect dischargeable debts. Defendants Womble Carlyle Sandridge & Rice, LLP and Michael Montiselvo are not even mentioned in the Complaint. Plaintiff mentions only that the discharge order was violated and provides no information in support of this claim. Instead, Plaintiff includes fanatical statements such as, "Scott Pearl [Perle]; you have no heart for outher [other] people … May the devil have mercy on you" (Compl. at 2). This clear failure to allege any facts in support of a violation renders the Complaint deficient on its face.

Furthermore, a 2006 U.S. Bankruptcy Court order held that the mortgaged property referenced in the Complaint's attached documents was not discharged through Plaintiff's bankruptcy. Order at 1, *In re Wright*, No. 3:04-bk-34013 (W.D.N.C. Nov. 8, 2004). Denying Plaintiff's motion to find creditors in violation of its discharge order, the court explained, "[i]t appears … the debtor has misunderstood the nature of his bankruptcy discharge … [T]he mortgage against the Debtor's residence was not discharged through the bankruptcy." *Id.* at 1-2. Therefore, even if the Complaint had provided facts supporting the alleged violation, Plaintiff's legal theory would have been meritless because collection of the mortgage debt did not violate the discharge order.

Based on these deficiencies, the Court finds the Complaint frivolous and worthy of immediate dismissal.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** with prejudice. The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: May 19, 2014

Graham C. Mullen
United States District Judge